**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAZMINE JUAREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-04648 |
| | ) | |
| CREDIT PROTECTION ASSOCIATION, | ) | |
| L.P., | ) | |
| | ) | <u>Jury Demanded</u> |
| Defendant. | ) | |

## <u>COMPLAINT</u>

Plaintiff, Jazmine Juarez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA), and alleges:

## <u>JURISDICTION AND VENUE</u>

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.      Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## <u>STANDING</u>

3.      Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4.      Specifically, Defendant's failure to report to a credit reporting agency that the debt is disputed creates a "real risk of financial harm caused by an inaccurate credit rating." *Evans v. Portfolio Recovery Assocs., LLC,* 889 F.3d 337, 345 (7th Cir. 2018).

## PARTIES

5.      Plaintiff, Jazmine Juarez ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent debt allegedly owed for a defaulted consumer utility account, originally owed to Commonwealth Edison Company.  Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6.      Defendant, Credit Protection Association, L.P. ("CPA"), is a Texas limited partnership. It does or transacts business in Illinois and maintains a registered agent at C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201. (Exhibit A, Record from Texas Secretary of State).

7.      CPA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.      CPA regularly collects or attempts to collect defaulted consumer debt originally owed or due another.

9.      CPA is thus a "debt collector" as defined at 15 U.S.C. § 1692a(6) of the FDCPA.

10.     CPA is licensed as a collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

## FACTUAL ALLEGATIONS

11.     According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, specifically for a consumer utility account originally owed to Commonwealth Edison Company ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12.     Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

13.     CPA subsequently began efforts to collect the alleged debt.

14.     In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on May 21, 2019, sent an electronic communication to Defendant indicating that Plaintiff disputed the alleged debt. (Exhibit C, Dispute Letter).

15.     CPA received Plaintiff's dispute on May 21, 2019.

16.     Plaintiff's letter stated, in part, that the amount reported is not accurate.

17.     A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018) ("There is simply no other way to interpret this language.").

18.     On June 2, 2019, CPA communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including a balance, an account number and the date reported. (Exhibit D, Redacted Excerpt from Plaintiff's TransUnion Report).

19.     CPA failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to TransUnion regarding the alleged debt.

20.     CPA had been notified approximately eleven (11) days prior of Plaintiff's dispute.

21.     Eleven (11) days is sufficient time for a debt collector to update its records. *See Herbert v. Monterey Financial Services, Inc*., 863 F. Supp. 76 (D. Conn. 1994) (holding that five days was enough time for a debt collector to update their records with information from a consumer's letter).

22.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

23.     CPA failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to the credit reporting agency.

24.     Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

25.     CPA materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

26.     A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

27.     Defendant's false statements cause negative emotions including annoyance, aggravation, and other garden variety emotional distress, as well as damage to Plaintiff's reputation.

28.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

29.     Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

30.     CPA failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to TransUnion.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

A.      Actual damages pursuant to 15 USC § 1692k(a)(1);

B.      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D.      Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael J. Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers LLC**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com